H. J. Fugett, Youngstown, for plaintiff in error.

L. L. George, Youngstown, for defendant in error.

## NATIONAL BENEFIT LIFE INSURANCE CO v HATCHER

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 4, 1932

314

FARR, J.

It is insisted here that the judgment of the court was contrary to the weight of the evidence and contrary to law. The policy issued had three options: **First,** a cash surrender value, **Second,** paid up life insurance, **Third,** extended term insurance, and the option might be exercised after the payment of premiums for three years. This is what occurred in the case. The loan was made on the date stated and the premium for that year was not paid. The loan with the accrued interest amounted to some $104.94. Therefore, it is insisted in behalf of the plaintiff in error that the cash value of the policy being but $99.00, and there being some accrued interest which made the total amount due the company on the loan $104.94, that there was then no basis on which an extended term of insurance could be based. On the other hand, it is admitted that the loan was made, but contended that no dividends were paid by the Company, but which if they had been paid would have extended the insurance under the "extended term" provision, that being perhaps paragraph three, to which reference was made, which would have extended the insurance for the period of 31 days of grace, and if which was the case, then the policy of insurance could not be determined by the Insurance Company in the manner that it was attempted to determine.

It is contended, as above stated, in behalf of the plaintiff in error that the cash value, together with the accrued interest on the loan, was greater than the cash value of the policy at the time that the loan was made, and that therefore there would be nothing in the way of "cash value" to extend the term of insurance, but, as before stated, it is claimed that the dividends were not paid, that if they had been paid they would have extended the term beyond the period of grace, and that the policy could not therefore have been forfeited. The parties cite in this connection, or the defendant in error cites, §9412 GC, which sets out the form of the standard life insurance policy of Ohio, and as a part of that form it is provided as follows:

"The company will, however, deduct from such loan value any existing indebtedness to the company on the policy and any unpaid balance of the premium for the current policy year, and may collect interest in advance on the loan to the end of the current policy year. Such loan may be deferred by the company for not exceeding six months after the application therefore is made. Failure to pay any such advance or to pay interest shall not avoid this policy unless the total indebtedness hereon to the company shall equal or exceed such loan value at the time of such failure,—"

And that, as before stated, is the claim in this case, but the statute goes a step further and says:

"—and until one month after notice shall have been mailed by the company to the last known address of the insured and of the assignee, if any. No condition other than as herein provided shall be executed as a prerequisite to any such advance."

The one difference, therefore, remaining, granting for the sake of argument that the claim of the plaintiff in error be true, and that the policy terminated because there was nothing to extend it or make it the basis for extended term insurance, still it is not disclosed by the record, nor was there any claim of counsel that this notice was given to the assured. Therefore, the conclusion is reached that the company could not summarily declare the policy void without having given the notice as provided by the statute, having in mind also the further claim of defendant in error that dividends which were due, and it is claimed by defendant in error that dividends were due to have paid the premiums on the insurance policy for more than one year.

Taking both claims together, the failure to give notice as required by statute and the possibility that premiums were sufficient to extend the time of insurance, the conclusion is reached that the judgment should be affirmed, and it is so ordered.

ROBERTS and POLLOCK, JJ, concur in the judgment.